IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Alvin E. McDowell, | ) |
| Plaintiff, | ) |
| vs. | ) Civil Action No. 5:11-248-RMG |
| Michael J. Astrue, Commissioner of Social Security Administration, | ) **ORDER** |
| Defendant. | ) |

This matter comes before the Court on an appeal from the denial of Disability Insurance Benefits and Supplemental Security Income by the Commissioner of the Social Security Administration brought pursuant to 42 U.S.C. § 405(g) and 5 U.S.C. § 706. In accord with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., this matter was referred to the Magistrate Judge for pretrial handling. The Magistrate Judge issued a Report and Recommendation on March 1, 2012 recommending that the Commissioner's decision be affirmed. (Dkt. No. 20). Neither party filed objections to the Magistrate Judge's Report and Recommendation. After a review of the record before the Court, the Report and Recommendation and relevant case law, the Court adopts the Report and Recommendation of the Magistrate Judge and affirms the decision of the Commissioner.

**Legal Standard**

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this

Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo* review of those portions of the Report and Recommendation to which specific objection is made. The Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). The Court is not required to "review [the] magistrate's factual or legal conclusions, under *de novo* review or any other standard, when neither party objects to those findings." *Thomas v. Arn*, 474 U.S. 140, 150 (1985).

The role of the federal judiciary in the administrative scheme of the Social Security Act is a limited one. Section 205(g) of the Act provides that "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). "Substantial evidence has been defined innumerable times as more than a scintilla, but less than [a] predominance." *Thomas v. Celebrezze*, 331 f.2d 541, 543 (4th Cir. 1964). This standard precludes *de novo* review of factual findings that substitutes the Court's findings for those of the Commissioner." *Vitek v. Finch*, 438 F.2d 1157 (4th Cir. 1971).

**Discussion**

In the matter before the Court, Plaintiff asserts disability based upon the continuing and/or complicating effects of a sarcoma that was removed from his knee when he was an adolescent. The Administrative Law Judge found that Plaintiff had a "severe impairment" as a result of "status post osteosarcoma, left leg with degenerative joint disease of the left leg." Transcript (hereafter referred to as "Tr.") at 13. The Administrative Law Judge further found that Plaintiff, despite these abnormalities of his left leg, retained the residual functional capacity to perform sedentary work and was, therefore, not disabled. *Id.* at 17.

The Magistrate Judge, after a careful review of the record, found that there was

substantial evidence to support the decision of the Commissioner and recommended that the Commissioner's decision be affirmed. (Dkt. 20 at 10-13). As mentioned above, neither party filed objections to the Magistrate Judge's Report and Recommendation. The Court, after a full review of the record, concurs in the findings and reasoning of the Magistrate Judge and adopts the Report and Recommendation as the Order of this Court.

## Conclusion

Based upon the foregoing, the Court **ADOPTS** the Report and Recommendation of the Magistrate Judge and **AFFIRMS** the decision of the Commissioner.

AND IT IS SO ORDERED.

Richard Mark Gergel
United States District Judge

Charleston, South Carolina
March 21, 2012